11-3666-cv
Bd. of Trs. of City of Fort Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO, *et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve.

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.[1]

---

DEAN FREDERICK, individually and on behalf of all others similarly situated,
PENSION AND RETIREMENT GROUP,
TEAMSTERS LOCAL 807 LABOR MANAGE-
MENT FUND,
LOCAL 138 PENSION TRUST FUND,
CITY OF WESTLAND POLICE AND FIRE RE-
TIREMENT SYSTEM,
*Plaintiffs*,

BOARD OF TRUSTEES OF CITY OF FORT
LAUDERDALE GENERAL EMPLOYEES' RE-
TIREMENT SYSTEM,

---

[1] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

*Plaintiff-Appellant,*

-v-                                                                                      No. 11-3666-cv

MECHEL OAO,
IGOR V. ZYUZIN,
STANISLAV A. PLOSCHENKO,
VLADIMIR A. POLIN,
                *Defendants-Appellees.*[2]

JACK FRUCHTER (Mitchell M.Z. Twersky, Lawrence D. Levit, Ximena R. Skovron, *on the brief*), Abraham, Fruchter & Twersky, LLP, New York, NY, for *Plaintiff-Appellant.*

JEFFREY S. JACOBSON (Yeugenia Shvets, Katherine Kern, *on the brief*), Debevoise & Plimpton LLP, New York, NY, for *Defendant-Appellee Mechel OAO*.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 10, 2011 is AFFIRMED.

Plaintiff-Appellant, the Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System ("Plaintiff"), appeals from the district court's dismissal of its putative securities class action against the Defendants-Appellees ("Defendants"), which include the Russian mining and metallurgy corporation Mechel OAO ("Mechel") as well as Igor V. Zyuzin ("Zyuzin"), Stanislav A. Ploschenko ("Ploschenko"), and Vladimir A. Polin ("Polin") (collectively "Individual

---

[2] The Clerk of Court is directed to amend the caption as reflected above.

Defendants").[3]  Plaintiff alleges that it purchased American Depository Receipts (ADRs) corresponding to shares of Mechel when Mechel's stock price was inflated as a result of misrepresentations regarding the reasons for a recent period of extremely high profits. Specifically, Plaintiff alleges that Mechel informed investors that its prosperity was due to the prevailing high prices for its products throughout the world, when in reality it was due to a variety of illegal anticompetitive practices. Plaintiff brought suit against Mechel and the Individual Defendants, who are alleged to have been officers of Mechel during the relevant period, under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, and also sued the Individual Defendants under Exchange Act Section 20(a), 15 U.S.C. § 78t(a), alleging control person liability. The district court dismissed Plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that it failed adequately to plead scienter against any Defendant. We presume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

We affirm largely for the reasons articulated in the district court's well-reasoned and thorough opinion.[4] Plaintiff contends that the district court erred in declining to conclude that the SAC adequately pleads scienter on a motive and opportunity theory. We disagree. The SAC's assertions, taken as true, demonstrate merely the existence of motives that are "generally possessed

---

[3] The Individual Defendants have yet to appear in this action and did not join in Mechel's motion to dismiss. Thus, the district court's dismissal of the action as to the Individual Defendants was *sua sponte*.

[4] Because we agree with the district court that the SAC fails to plead scienter, we do not reach Defendants' alternative argument, not passed upon by the district court, that the SAC also fails to plead loss causation.

by most corporate directors and officers," which are insufficient to withstand a motion to dismiss. *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001). With regard to the allegation that Zyuzin pledged a significant percentage of his personal interest in Mechel as collateral for Mechel's debts, it may be possible–we need not decide–that in some circumstances a corporate officer who has pledged personal assets as collateral for the debts of the corporation may have a cognizable motive to commit fraud. Here, however, the SAC fails to provide any details regarding the agreements whereby Zyuzin allegedly pledged a portion of his Mechel stock as collateral. In the absence of such details, the SAC has failed to plead with particularity that the risk Zyuzin faced as a result of the pledge of his Mechel stock was any different than the risk he, or any other Mechel shareholder, faced simply as a result of stock ownership: the risk that poor business performance by Mechel would result in a substantial investment loss, including the possible elimination of all shareholder equity should Mechel undergo bankruptcy. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) ("The PSLRA [Private Securities Litigation Reform Act] requires plaintiffs to state with particularity . . . the facts evidencing scienter . . . ."). As we have held, the risk of investment loss common to all shareholders is insufficient to create a legally cognizable motive to commit fraud. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1131 (2d Cir. 1994) ("[S]tock ownership does not provide sufficient motive to sustain the pleading burden under Rule 9(b).").

Plaintiff also contends that the district court erred by failing to conclude that the SAC adequately pleads scienter on a "core operations" theory. In *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989), we found scienter to be adequately pled where the complaint alleged that an officer of Inflight Services, Inc. ("Inflight") had made statements indicating that "[s]ales to the People's Republic of China [("PRC")] . . . are . . . an important new source of revenue" for the company, *id.* at 10 (first

4

alteration and first omission in original), but Inflight later was forced to write down a substantial amount of inventory when the PRC's regulations–which had existed at the time Inflight was touting the importance of its sales to customers in the PRC–prevented sales being made to that country, *see id.* at 11. We reasoned that "the . . . complaint alleges facts from which one can reasonably infer that sales to the PRC were to represent a significant part of Inflight's business. These facts give rise to a strong inference that the defendants, who the . . . complaint alleges were directors of Inflight, had knowledge of the PRC restrictions, since the restrictions apparently eliminated a potentially significant source of income for the company." *Id.* at 13.

*Cosmas* was decided prior to the enactment of the PSLRA, and we have not yet expressly addressed whether, and in what form, the "core operations" doctrine survives as a viable theory of scienter. *But cf. Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000) ("When all is said and done, we believe that the enactment of [the PSLRA] did not change the basic pleading standard for scienter in this circuit . . . ."). Nor need we do so here. Even assuming *arguendo* that the "core operations" doctrine survived the PSLRA's enactment without alteration,[5] the facts in this case are far removed from those in *Cosmas*. Here, the bulk of the allegations of illegal conduct center around findings by Russia's Federal Antimonopoly Service ("FAS") that Mechel engaged in anticompetitive practices with regard to a limited number of interactions with two or three customers. There is no indication in the SAC that orders from these customers constituted as "significant [a] part of

---

[5] The district court "consider[ed] circumstantial allegations pertaining to the Individual Defendants' knowledge of Mechel's key products as part of its holistic assessment of the scienter allegations," but "in the absence of Second Circuit guidance, [did] not find them to be independently sufficient to raise a strong inference of scienter." *Bd. of Trs. of City of Fort Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 872 (S.D.N.Y. 2011). We do not reach the question whether the district court was correct in holding that a complaint cannot adequately plead scienter on the basis of the "core operations" doctrine alone.

[Mechel's] business," *Cosmas*, 886 F.2d at 13, as did the transactions at issue in *Cosmas*, in which orders from the PRC accounted for $5 million of the company's $6 million worth of backlog purchase orders, *id.* at 11.[6] Accordingly, even assuming *Cosmas* continues in unabated vitality, it does not apply here.

Because the SAC fails to plead scienter against any Defendant, the district court properly dismissed the action as against all Defendants. Furthermore, because a violation of Exchange Act Section 20(a) must be predicated on an underlying primary violation, the inadequacy of the SAC's allegations of scienter requires the conclusion that its allegations of control-person liability also fail. *See SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996). To the extent Plaintiff raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.[7]

---

[6] FAS also found that Mechel sold coking coal concentrate, one of its products, at higher prices to domestic customers than it did to foreign customers and apparently concluded that this violated Russian antimonopoly law. This disparity appears to be due in large part to the fact, noted by FAS, that Mechel's export contracts involved fixed prices, whereas Mechel "was permitted to change the volumes and prices unilaterally" in many instances in the domestic context. While the overall domestic and foreign pricing scheme of an important product may perhaps be of such importance to a corporation that its officers should be presumed to know of it under the "core operations" doctrine, we agree with the district court that the SAC fails to plead facts sufficient to support an inference that Defendants knew during the class period that charging more for sales to domestic buyers while simultaneously honoring export contracts with fixed, lower prices was illegal under Russian law. Thus, the fact that they did not disclose the activities that FAS would later find illegal does not, standing alone, indicate the "intent to deceive, manipulate, or defraud." *Capital Mgmt. Select Fund Ltd. v. Bennett*, 670 F.3d 194, 204 (2d Cir. 2012) (internal quotation mark omitted).

[7] In particular, we decline to consider Plaintiff's argument that the SAC adequately pleads scienter on the theory that, even if none of the Individual Defendants possessed the requisite scienter, *some* senior-level employee must have possessed scienter, since the products with respect to which FAS found Mechel to have violated Russia's anticompetition law are vital to Mechel's business. The district court did not address this "corporate scienter" argument–presumably because Plaintiff failed to raise it below. "The law in this Circuit is clear that where a party . . . advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." *Wal-*

6

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

*Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (internal quotation marks omitted).