23-7674-cv
*Swanson v. Danimer Scientific, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of September, two thousand twenty-four.

Present:

> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

JAMES SWANSON,

*Plaintiff-Appellant*,

DARRYL KEITH ROSENCRANTS,

*Plaintiff*,

v.                                                                      23-7674-cv

DANIMER SCIENTIFIC, INC., STEPHEN E. CROSKREY, JOHN A. DOWDY III, JOHN P. AMBOIAN, RICHARD J. HENDRIX, CHRISTY BASCO, PHILIP GREGORY CALHOUN, GREGORY HUNT, ISAO NODA, STUART W. PRATT, JOHN W. SWEET, HAROLD FORD, JR., JONATHAN FURER, TOR R. BRAHAM, and ANDREA K. TARBOX,

*Defendants-Appellees*.

_____

1

For Plaintiff-Appellant:     KEVIN K. GREEN (Reed R. Kathrein, Lucas E. Gilmore, Hagens Berman Sobol Shapiro LLP, Berkeley, CA, Steve W. Berman, Hagens Berman Sobol Shapiro LLC, Seattle, WA, Jeffrey P. Campisi, Kaplan Fox & Kilsheimer, New York, NY, *on the brief*), Hagens Berman Sobol Shapiro LLP, San Diego, CA.

For Defendants-Appellees:     BRIAN M. LUTZ (Jonathan D. Fortney, Gibson Dunn & Crutcher LLP, New York, NY, *on the brief*), Gibson Dunn & Crutcher LLP, San Francisco, CA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James Swanson appeals from the dismissal of his consolidated action against Defendants-Appellees, which include the biotechnology company Danimer Scientific, Inc. ("Danimer") and three of its senior officers, Stephen Croskrey, John Dowdy, and Richard Hendrix. Swanson alleges that the Defendants made materially misleading statements about the rate at which Danimer's bioplastic compound, Nodax, and products containing Nodax would biodegrade. He brought suit in the United States District Court for the Eastern District of New York (Hector Gonzalez, *District Judge*) against Danimer and the individual defendants under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, and also sued the individual defendants under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), alleging control person liability. The district court dismissed Swanson's Consolidated Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it failed to adequately plead scienter against any of the Defendants. We review a dismissal under Rule 12(b)(6) *de novo*, accepting all factual

allegations in the complaint as true and drawing all reasonable inferences in Swanson's favor. *See New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo*, 80 F.4th 158, 168 (2d Cir. 2023).[1] We assume the parties' familiarity with the case.

To survive a motion to dismiss under Rule 12(b)(6), "[a] complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Any complaint alleging securities fraud must also satisfy the "heightened pleading requirements imposed by Federal Rule [of Civil Procedure] 9(b) and the [Private Securities Litigation Reform Act ("PSLRA")]" by stating with particularity the circumstances constituting fraud. *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 166-67 (2d Cir. 2021). To state a claim under Section 10(b), a plaintiff must allege "that the defendant[s] acted with scienter, 'a mental state embracing intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)). Scienter can be pleaded with adequate particularity by alleging facts showing either "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). "[T]he inference of scienter [from the alleged facts] must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of other explanations." *Tellabs, Inc.*, 551 U.S. at 324.

Swanson submits that the Consolidated Complaint contains allegations giving rise to a strong inference that the Defendants made materially misleading and/or false statements with

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

scienter. We disagree and affirm the judgment for many of the same reasons stated by the district court in its order and opinion of September 30, 2023.

*First*, Swanson argues that the district court erroneously held that an "admission" by Phil Van Trump, Danimer's Chief Technology Officer (CTO), did not provide support for the allegation that Defendant Croskrey, Danimer's Chief Executive Officer, knowingly made misleading statements. Swanson alleges in the Complaint that Croskrey represented to investors that Nodax would be consumed by bacteria if it ended up in a landfill, but that Van Trump, a non-party, admitted that such a statement was not "wholly accurate" and that "Nodax products are unlikely to biodegrade in most landfills." Joint App'x at 50, ¶ 91. However, even assuming (without deciding) that Swanson has accurately characterized Croskrey's statement, we agree with the district court that Swanson has failed to plead particularized facts "alleg[ing] that Danimer's Chief Technology Officer conveyed this information to Defendant Croskrey." *In re Danimer Sci., Inc. Sec. Litig.*, No. 21-cv-02708, 2023 WL 6385642, at *13 (E.D.N.Y. Sept. 30, 2023). Nor does Swanson allege facts supporting an inference that Croskrey was aware of the specific limitations on biodegradation in most modern landfills at the time he allegedly made the not "wholly accurate" statement. Absent any allegations that Croskrey was aware of Van Trump's later-expressed views at the time Croskrey made the alleged statement, the CTO's statement cannot support an inference of scienter on the part of Croskrey. *See Jackson v. Abernathy*, 960 F.3d 94, 99 (2d Cir. 2020).

*Second*, Swanson argues that the district court erroneously applied the so-called core operations doctrine. The core operations doctrine has been described as providing that "a court may infer that a company and its senior executives have knowledge of information concerning the core operations of a business, such as events affecting a significant source of revenue." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 174 (S.D.N.Y. 2021).

4

We have not expressly determined if this inference is adequate on its own to allege scienter in the wake of the passage of the PSLRA. *See Frederick v. Mechel OAO*, 475 F. App'x 353, 356 (2d Cir. 2012) ("[W]e have not yet expressly addressed whether, and in what form, the 'core operations' doctrine survives as a viable theory of scienter."); *In Re Renewable Energy Grp. Sec. Litig.*, No. 22-335, 2022 WL 14206678, at *3 n. 4 (2d Cir. Oct. 25, 2022) ("We have not clearly affirmed the validity of th[e] [core operations] doctrine following the passage of the PSLRA."). Nor need we do so here. Swanson's assertions regarding Danimer's core operations are insufficient under any reading of our case law. Swanson simply alleges that Danimer's "key product" is Nodax, Joint App'x at 55, ¶ 100, and that the subject matter of the challenged statements reflects "core information" that was or should have been known by executives in the Defendants' positions, Joint App'x at 114, ¶ 229. The Complaint says nothing specific about why Nodax would be central or key to the company's operations, such as being a central revenue stream; nor does it allege with specificity that the limitations on Nodax's biodegradability were known to anyone at the time of the alleged misrepresentations. Such naked assertions, without more, cannot suffice to raise a strong inference of scienter. *See Jackson*, 960 F.3d at 99 (holding that plaintiff's allegation that item was a "key product" for defendant was insufficient to raise strong inference of collective corporate intent).

*Third*, Swanson argues that the district court glossed over "material differences" between the "concrete and personal motivations" present in the Defendants' specific business context and "generalized financial motives" that are insufficient to demonstrate scienter. Appellant Br. 27-28. Swanson alleges in the Complaint that Danimer entered into a merger agreement with Live Oak, a special purpose acquisition company ("SPAC"), that would take Danimer public and give the company access to additional cash. Swanson contends that the individual defendants were under

pressure to consummate the transaction with Live Oak because they were desperate for cash and did not have the time to raise money by traditional means such as an initial public offering. Swanson claims that Defendant Hendrix specifically was under pressure to ensure completion of the transaction to avoid having to return investors' capital and bear the costs incurred in taking Live Oak public. Swanson fails to establish how these motives are "personal" or qualitatively different from the "generalized financial motives" of corporate officers in non-SPAC business contexts. Our Court has previously held that in attempting to show fraudulent intent, "it is not sufficient to allege goals . . . possessed by virtually all corporate insiders, such as the desire to maintain a high credit rating for the corporation or otherwise sustain the appearance of corporate profitability or the success of an investment." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009). Swanson has "not pointed to any specific benefit that would inure to [the three individual defendants] that would not be either generalized to all corporate directors or beneficial to all shareholders." *Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001). Indeed, the individual defendants' alleged motives are no different than the "generalized desire to achieve a lucrative acquisition proposal" and could be attributed to the directors and officers of any corporation looking to complete an acquisition transaction. *ECA*, 553 F.3d at 201. Thus, these allegations, too, fail to sufficiently plead scienter.

*Lastly*, Swanson argues that the district court did not conduct the comparative scienter inquiry required under *Tellabs*. We disagree. The district court made clear that scienter is a comparative analysis: "[T]he inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *In re Danimer Sci., Inc. Sec. Litig.*, 2023 WL 6385642, at *10. The district court discussed all of the allegations serially before holding that Swanson's "allegations do not

6

cumulatively raise a compelling inference of scienter" and concluding that Swanson could not "combine inadequate allegations of motive with inadequate allegations of recklessness to demonstrate scienter." *Id.* at \*14. We agree with the district court that Swanson's allegations collectively do not raise a strong enough inference of scienter required to state a claim.

Because Swanson has failed to plead facts showing that "someone whose intent could be imputed to the corporation acted with the requisite scienter," Swanson has also failed to plead corporate scienter. *Jackson*, 960 F.3d at 98. An inference of corporate scienter cannot be imputed from any of the individual defendants for the reasons stated above, and Swanson has not identified any "other officers or directors" from whom such an inference could be imputed. *Id.* Moreover, because a violation of Exchange Act Section 20(a) must be predicated on an underlying primary violation, the inadequacy of the Consolidated Complaint's allegations of scienter requires the conclusion that its allegations of control-person liability also fail. *See Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 356 (2d Cir. 2022).

The Defendants separately ask this Court to affirm the district court's judgment on the independent ground that Swanson failed to plead facts showing the statements made by the Defendants were materially misleading. We need not reach that issue, however, because we conclude the district court's judgment must be affirmed for Plaintiff's failure to plead scienter.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7